UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PASCHALL SANDERS III,

        Plaintiff,

v.                                        Case No. 11-C-443

TRUDY LEWIS,

        Defendant.

## DECISION AND ORDER

In this action, the *pro se* plaintiff seeks records relating to his Social Security Disability benefits from the Regional Commissioner of the Agency, in Chicago, pursuant to the Freedom of Information Act (FOIA). The FOIA provides jurisdiction in the district courts to enjoin an agency, subject to the Act, from "withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(C) and subsection (b) and reproducibility under paragraph (3)(B).

5 U.S.C. § 552(a)(4)(B).

To state a FOIA claim, a plaintiff must also assert that he has exhausted his administrative remedies. *See Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir.1988). Here, Plaintiff asserts that he repeatedly asked Trudy Lewis, a regional commissioner, for the documents he seeks. But under applicable regulations, a claim for documents from the Social Security Administration must be made to the Freedom of Information Officer. For social security information requests the Freedom of Information Officer is the Director of the Office of Public Inquiries. 45 C.F.R. § 5.31(a)(3) ("If the records you seek are exclusively records of the Social Security Administration, including its records in the regions, only the Director, Office of Public Inquiries, SSA, who also is the SSA Freedom of Information Officer, may determine whether to release or deny the records.") Accordingly, because the complaint does not indicate that Plaintiff has made the request to the proper person, it will be **dismissed** without prejudice for failure to exhaust. The motion to proceed IFP is **granted**, meaning that the filing fee is waived.

**SO ORDERED** this   1st   day of June, 2011.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge